UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
WINCHESTER DIVISION

| | |
|---|---|
| SCRUGGS FARM NURSERY; ) | |
| WANAMAKER NURSERY, INC.; ) | |
| AND TIMOTHY WANAMAKER, ) | |
| ) | |
| PLAINTIFFS ) | |
| ) | CASE NO. 4:09-CV-79 |
| ) | MATTICE/LEE |
| VS. ) | JURY TRIAL DEMANDED |
| ) | |
| FARMERS CROP INSURANCE ALLIANCE, ) | |
| INC.; GREAT AMERICAN INSURANCE ) | |
| COMPANY; FEDERAL CROP ) | |
| INSURANCE CORPORATION; ) | |
| RISK MANAGEMENT AGENCY; ) | |
| AND UNITED STATES DEPARTMENT ) | |
| OF AGRICULTURE, ) | |
| ) | |
| DEFENDANTS ) | |

* * * * * * * * * * *
**PLAINTIFFS' ANSWER TO COUNTERCLAIM
OF DEFENDANT GREAT AMERICAN
INSURANCE COMPANY**
* * * * * * * * * * *

Come the Plaintiffs, Scruggs Farm Nursery, Wanamaker Nursery, Inc., and Timothy Wanamaker, by and through counsel, and for their Answer to the Counterclaim of Defendant Great American Insurance Company, hereinafter referred to as "the Counterclaim", state as follows:

1. The Counterclaim fails to state a claim upon which relief can be granted and, therefore, should be dismissed.

1

2. The Plaintiffs admit the allegations contained in numerical paragraph 1 of the Counterclaim.

3. The Plaintiffs deny the allegations contained in numerical paragraphs 5, 6, 7, 8, 9 and 10 of the Counterclaim.

4. With regard to the allegations contained in numerical paragraph 2 of the Counterclaim, the Plaintiffs admit the allegations contained in such numerical paragraph which state that in 2008 Plaintiff Timothy Wanamaker participated in an arbitration hearing involving Great American Insurance Company and which, in part, involved Policy No. 2808 in American Arbitration Association Matter No. 30 430 Y 00034 07, wherein he sought, in part, to appeal Great American's claim decisions and to recover damages arising out of the insurance agents' and Great American's actions, however, the Plaintiffs deny the remaining allegations contained in such numerical paragraph and state that the description of what was sought through such arbitration in such numerical paragraph is not a full and complete description of such arbitration process or of what was sought through such arbitration process.

5. With regard to the allegations contained in numerical paragraph 3 of the Counterclaim, the Plaintiffs admit the allegations contained in such numerical paragraph which state that in August 2008 an arbitrator panel delivered an arbitration decision which determined that Policy No. 2808 should be voided for crop year 2005, however, the Plaintiffs deny the remaining allegations contained in such numerical paragraph.

6. With regard to the allegations contained in numerical paragraph 4 of the Counterclaim, the Plaintiffs admit that Plaintiff Timothy Wanamaker has now brought suit against Great American and that he has asserted many of the same claims asserted during the arbitration process, however, the Plaintiffs

deny the remaining allegations contained in such numerical paragraph of the Counterclaim and specifically deny that the arbitration process fully and/or finally resolved all of the claims of Plaintiff Timothy Wanamaker against Great American.

7. The Plaintiffs deny any and all allegations contained in the Counterclaim which have not been specifically admitted herein.

8. AFFIRMATIVE DEFENSES - The Plaintiffs assert the affirmative defenses of estoppel, fraud, illegality, laches and waiver as full and complete defenses to the claims asserted against them in the Counterclaim and reserve the right to further plead any and all affirmative defenses which are revealed during the discovery process in this action.

9. The Plaintiffs further affirmatively plead and adopt and incorporate herein all of the applicable MPCI Basic Policy provisions of the applicable policy of insurance involved between the Plaintiffs and Defendant Great American as full and complete defenses which preempt and/or bar the claims asserted in the Counterclaim in full or in part and/or which allow the Plaintiffs to file their claims in this action about which Great American complains in its Counterclaim.

10. The Plaintiffs further affirmatively plead and adopt and incorporate herein all of the applicable provisions of the Federal Crop Insurance Act (7 U.S.C. 1501, et seq.) and related statutes and regulations as full and complete defenses which preempt and/or bar the claims asserted in the Counterclaim in full or in part and/or which allow the Plaintiffs to file their claims in this action about which Great American complains in its Counterclaim.

11. The Plaintiffs further affirmatively plead and adopt and incorporate the provisions of Tennessee Code Annotated Section 56-7-105 as a full and complete defense which preempts and/or

bars the claims asserted in the Counterclaim in full or in part and/or which allows the Plaintiffs to file their claims in this action about which Great American complains in its Counterclaim.

12. The Plaintiffs further adopt, incorporate herein by reference and assert herein each of the claims and arguments which they have previously or hereafter set forth in this action in their Complaint and in their Response to Defendant Farmers' and Defendant Great American's Motion to Dismiss Under Rule 12(b)(6).

WHEREFORE, the Plaintiffs demand as follows:

1. That the Counterclaim be dismissed and held for naught.

2. All of the relief previously demanded in their Complaint filed herein.

3. That the Plaintiffs be awarded their costs and expenses incurred herein and as a result of defending against the Counterclaim, including but not limited to the recovery of their attorneys fees.

4. A trial by jury.

5. Any and all other relief that the Court deems appropriate.

          Respectfully submitted by:

          WHITE PECK CARRINGTON, LLP
          Post Office Box 950
          Mt. Sterling, Kentucky 40353
          TELEPHONE: (859) 498-2872
          FACSIMILE:  (859) 498-2877
          ATTORNEYS FOR PLAINTIFFS

          BY: /s/ <u>Stephen E. Neal</u>

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that he served the foregoing Answer to Counterclaim by and through the Court's ECF system upon those attorneys that have appeared in the case to date on this the 15th day of October, 2009.

                              /s/Stephen E. Neal